UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUAL ZEPEDA,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>GENERAL MOTORS, LLC, a limited liability company<br><br>　　　　　　　　　Defendant. | Case No.: 3:23-cv-02305-W-JLB<br><br>**ORDER GRANTING MOTION TO DISMISS [DOC. 3] AND GRANTING REQUEST FOR JUDICIAL NOTICE [DOC. 3-2]** |

Pending before the Court is Defendant General Motors, LLC's motion to dismiss the fourth and fifth causes of action in the complaint. Defendant also asks the Court to take judicial notice of certain EPA mileage range estimates. Plaintiff Emmanuel Zepeda opposes the motion, but not the request for judicial notice.

The Court decides the matter on the papers submitted and without oral argument. See Civ. R. 7.1(d)(1). For the following reasons, the Court **GRANTS** the request for judicial notice [Doc. 3-2] and the motion to dismiss [Doc. 3] with leave to amend.

I.   **RELEVANT BACKGROUND**

This case arises from Plaintiff's purchase of a 2022 Chevrolet Bolt (the "Vehicle") from "Bob Stall Chevrolet, an authorized dealer and agent of General Motors" for an unspecified amount "[o]n or about July 8, 2022." (*Compl.* [Doc. 1-2] ¶ 6.) According to Plaintiff, the Vehicle was covered by: (1) an express warranty, under which Defendant promised that the Vehicle "would be free from defects in materials, nonconformities, or workmanship during the applicable warranty period and to the extent the [Vehicle] had defects, [Defendant] would repair the defects"; as well as (2) an implied warranty that the "[Vehicle] would be of the same quality as similar vehicles . . . [and] would be fit for the ordinary purposes for which similar vehicles are used." (*Id.* ¶¶ 7, 8.) The Complaint alleges that during the warranty period, the Vehicle "exhibited defects" and Plaintiff notified Defendant of such "defects" and "attempted to invoke the applicable warranties." (*Id.* ¶ 10.) Yet, Plaintiff alleges Defendant failed to "make the [Vehicle] conform to the applicable warranties, despite a reasonable amount of time and a reasonable number of attempts to do so."  (*Id.* ¶ 11.)

Plaintiff further alleges Defendant falsely represented the "safety of the vehicle as well as the expected battery usage and mileage capacity of the vehicle." (*Compl.* ¶ 41.) Plaintiff alleges Defendant marketed the Vehicle as "long-range" and "safe," but the Vehicle is neither long-range nor safe because the "batteries may ignite when they are either fully charged or fall below seventy (70) miles remaining." (*Id.* ¶¶ 40, 41.) Plaintiff also alleges the Vehicle cannot be parked inside overnight due to fire risk. (*Id.* ¶ 40.) Plaintiff alleges he would not have purchased the Vehicle if "they had known it was neither safe nor functioned as advertised on General Motor's brochures." (*Id.* ¶ 46.)

On December 18, 2023, Plaintiff filed a lawsuit against Defendant in the San Diego Superior Court, entitled *Emmanuel Zepeda v. General Motors LLC, et al.*, No.37-2023-00049807-CU-BC-CTL.  The Complaint asserts three causes of action for: (1) Breach of Express Warranty; (2) Breach of Implied Warranty; (3) Violation of the Song-Beverly Consumer Warranty Act, Cal. Civil Code § 1790, *et seq.*; (4) Fraud; and

1  (5) Violation of California Business & Professions Code § 17200 (the "UCL").  (*See*
2  *Compl*.)
3      On or about December 18, 2023, Defendant removed the case to this Court based
4  on diversity jurisdiction.  (*See Notice of Removal* [Doc. 1].)  Defendant now moves to
5  dismiss the fourth cause of action for fraud and fifth cause of action for violation of the
6  UCL. (*P&A* [Doc. 3] 9:13-10:1.)  Plaintiff opposes the motion and, alternatively, requests
7  leave to amend. (*Opp'n* [Doc. 5.] 5:19–7:22.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to file a motion to dismiss for failing "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency.  *See N. Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  In evaluating the motion, the Court must assume the truth of all factual allegations and must "construe them in light most favorable to the nonmoving party."  *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002).

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).  The allegations in the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  Although well-pled allegations in the complaint are assumed true, a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable

inferences. *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

When a complaint alleges fraud, it must also "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). Thus, for affirmative misrepresentation allegations, the complaint must allege the "who, what, when, where, and how of the misconduct charged" and explain "what is false or misleading about a statement, and why it is false." *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010). The same is true for UCL causes of action, to the extent that they allege fraud or facts that constitute fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). However, these allegations of malice, intent, knowledge, and mental state still cannot be conclusory or speculative as they remain subject to Rule 8.

For fraudulent concealment claims, courts typically do not require the same level of specificity as they do for affirmative misrepresentation. *Baggett v. Hewlett-Packard Co.*, 582 F. Supp. 2d 1261, 1267–68 (C.D. Cal. 2007) (emphasis added) (citations omitted) ("[I]t is clear that a plaintiff in a fraudulent concealment suit will 'not be able to specify the time, place, and specific content of an omission as precisely as would a plaintiff in a false representation claim.' Because such a plaintiff is alleging a failure to act instead of an affirmative act, the plaintiff cannot point out the specific moment when the defendant failed to act. So, a fraud by omission or fraud by concealment claim 'can succeed without the same level of specificity required by a normal fraud claim.' …. [Plaintiff has satisfied its pleading requirement by] alleging that 'Plaintiff and the Class were unaware of the above facts and would not have acted as they did if they had known.'"); *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1098–99 (N.D. Cal. 2007) ("Clearly, a plaintiff in a fraud by omission suit will not be able to specify the time, place, and specific content of an omission as precisely as would a plaintiff in a false representation claim.... [A] fraud by omission claim can succeed without the same level

of specificity required by a normal fraud claim.... Plaintiffs adequately state a claim of fraud by omission. They allege that GM was bound by a duty to disclose material facts about its speedometers from 2003 to 2007. GM failed to disclose this information, and plaintiffs reasonably claim that they suffered damages after justifiably relying on GM's failure to disclose any defects with the speedometers.").

### III.  REQUEST FOR JUDICIAL NOTICE

Under Federal Rule of Evidence 2001(b)(2), courts may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The records and reports of administrative bodies, such as the EPA, "are proper subjects of judicial notice, as long as their authenticity or accuracy is not disputed." *AECOM Energy & Constr., Inc. v. Ripley*, 2019 WL 2610953, at *3 (C.D. Cal. Apr. 24, 2019); *see Welk v. Beam Suntory Imp. Co.*, 124 F. Supp. 3d 1039, 1041 (S.D. Cal. 2015) (citing *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir.1986) (overruled on other grounds)).

Defendant requests judicial notice of the EPA's mileage range estimates for the 2020, 2021, and 2022 Chevrolet Bolt (259 miles). (*RJN* [Doc. 3-2] 2:1–4.) In support of the request, Defendant has attached a screen capture of and URL to the U.S. Department of Energy's website, www.fueleconomy.gov, showing that the EPA's mileage range estimate is 259 miles for the 2020, 2021, and 2022 Chevrolet Bolt. (*Park Decl.* [Doc. 3-1] ¶ 3, Ex. A.) Plaintiff's opposition does not contest or even address the RJN. Because Plaintiff does not dispute the authenticity or accuracy of the EPA's mileage-range estimates as listed on www.fueleconomy.gov, the Court will take judicial notice of the EPA's mileage-range estimates. *See, e.g., AECOM Energy & Constr., Inc.*, 2019 WL 2610953, at *3 (C.D. Cal. Apr. 24, 2019) (taking judicial notice of PDF from EPA's website); *Jarose v. Cnty. of Humboldt*, 2020 WL 999791, at *4 (N.D. Cal. Mar. 2, 2020) (taking judicial notice of information publicly available on the EPA's website).

### IV. MOTION TO DISMISS

#### 1. Affirmative Misrepresentation Claim (Fourth Cause of Action)

Defendant moves to dismiss the affirmative misrepresentation claim on the ground that the Complaint fails to plead fraud with the particularity required by Rule 9(b). (*P&A* 12:23–16:4.) Plaintiff's opposition includes a section entitled "Analysis of Rule 9(B) Particularity Requirement," but it simply repeats Rule 9's requirements and fails to address any of Defendant's arguments. (*See Opp'n* 5:18–6:22.)

Under California law, the elements of affirmative misrepresentation are: (1) a misrepresentation; (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) damages. *See California Civil Jury Instructions* ("CACI"), 1900. As outlined above, the Complaint must allege affirmative misrepresentation with particularity under Rule 9(b), including the "who," "what," "when," "where," and "how" of the misrepresentation. *Ebeid ex rel. U.S.*, 616 F.3d at 998.

Defendant first argues Plaintiff failed to allege the misrepresentation with particularity. (*P&A* 12:24–26). The Court disagrees. Plaintiff alleges "what" the misrepresentation was: "[Defendant] willfully, falsely, and knowingly marketed the subject vehicle as having long range capability . . . and [as] safe . . . . Defendant's representations were false because the vehicle in fact contains a lithium-ion battery that causes the vehicle to overheat during prolonged use, resulting in a substantial reduction in the range capability of the vehicle. The vehicle is accordingly neither a long range vehicle nor is it safe." (*Compl.* ¶¶ 82, 83.) Additionally, under the circumstances—i.e., misrepresentations in an advertising campaign—Plaintiff sufficiently identifies Defendant as the "who" behind this misrepresentation.

The issue of whether Plaintiff sufficiently alleges the "when," "where," and "how" of the misrepresentation is a closer call. While the same type of specificity is not necessarily possible with an alleged misrepresentation based on an advertising campaign, Plaintiff must still provide sufficient information to give Defendant the opportunity to respond to the alleged misconduct. *See Gutierrez v. Bausch Health US, LLC*, 2024 WL

1854288, at *1 (9th Cir. Apr. 29, 2024). Here, Plaintiff vaguely alleges Defendant made the misrepresentations in "a press release in January 2016" and "commercials in January 2017 featuring the range of the Bolt's battery." (*Compl.* ¶¶ 16, 18.) The Court finds these allegations lack the specificity required to identify the press release or commercials that included the misrepresentation.

Nevertheless, Plaintiff also alleges that at an "event conducted by GENERAL MOTORS" in October 2019, Defendant's employee Adam Piper stated that the battery could be charged to 100% to achieve the Bolt's maximum range. (*Compl.* ¶ 25.) This statement is at odds with Plaintiff's allegation that the Bolt could not be charged to 100% because of the risk of fire and that the vehicle could not achieve the represented maximum range. (*See id.* ¶¶ 13, 14, 19.) The Court finds this allegation sufficiently alleges the "when," "where," and "how" of the misrepresentation.

Next, Defendant argues Plaintiff failed to allege it intended for Plaintiff to rely on the misrepresentation. This element may be pled "generally." *See* FED. R. CIV. P. 9(b). Here, Plaintiff alleges Defendant intended Plaintiff to rely on the misrepresentations. (*See Compl.* ¶ 84.) Additionally, to the extent Plaintiff alleges the mileage range misrepresentations were in advertisements (*id.* ¶¶ 85, 93), it is reasonable to infer Defendant intended Plaintiff to rely on the misrepresentation in purchasing the Vehicle.

Regarding Defendant's knowledge of falsity, Plaintiff's allegations do not plausibly support the inference that Defendant had presale knowledge of the battery defects in the 2022 Bolts. The Complaint alleges Defendant first became aware of unspecified "issues with the battery and energy management related issues" in December 2016. (*Compl.* ¶ 17.) Plaintiff then alleges that in October 2017, the NHTSA published "a warning that overcharging lithium ion batteries" can result in spontaneous ignition. (*Id.* ¶ 19.) Plaintiff next contends in May 2018, Defendant "notified its dealers regarding issues with the batteries in the Bolt." (*Id.* ¶ 22.) Among the problems with these and other similar allegations is that they either vaguely refer to "battery issues" or generally refer to lithium ion batteries and do not specify the batteries in Bolts. In the context of Rule 9(b),

such allegations are insufficient to demonstrate knowledge of battery defects specifically effecting the Bolt's mileage or safety.

Plaintiff also alleges Defendant became aware of the first battery fire involving the Bolt in March 2019, and that by August 2020, Defendant was aware of at least 12 fires involving the Bolt. (*Compl.* ¶¶ 24–26.) Plaintiff then alleges that Defendant issued a recall notice in 2021, stating that its batteries may ignite when nearing a full charge. (*Id.* ¶¶ 28–31.) Defendant does not deny knowledge of battery issues in previous Bolt models, but instead argues that allegations of defects in previous models fails to sufficiently demonstrate knowledge of defects in Plaintiff's 2022 Vehicle at the time of sale. (*P&A* 16:10–22.) The Court agrees.

There are no allegations in the Complaint indicating that after the 2021 recall notice was issued, the 2022 Bolts were plagued by the same defects as the earlier models. For example, there are no allegations indicating that the 2022 Bolt batteries caught fire or that Defendant issued notices to dealers regarding the 2022 models' batteries. Instead, based on the allegations in the Complaint, the only 2022 Bolt that allegedly "exhibited [the] defects" was Plaintiff's Vehicle. For this reason, Plaintiff's allegations regarding the battery fires are insufficient to demonstrate Defendant's knowledge of the defects in the 2022 Bolts.[1] *See Cho v. Hyundai Motor Co., Ltd.*, 636 F. Supp. 3d 1149, 1170-71 (C.D. Cal. 2022) (finding that even if the recall addresses a similar defect to the one alleged in the Complaint, it is of no import if the defective part is absent from the subject vehicle).

Next, Plaintiff must allege with particularity that he justifiably relied upon the misrepresentations in purchasing the Vehicle. Plaintiff has failed to do so. He alleges the marketing materials for the 2020 Bolt depicted the Vehicle as "safe and capable of being charged indoors in Plaintiff's garage," and that the materials were "justifiably reviewed and relied upon by Plaintiff prior to sale." (*Compl.* ¶ 30.) As an initial matter, the Court

---

[1] For this same reason, the allegations about the October 2017 NHTSA warning and about battery issues in 2016 and 2018 are insufficient to establish knowledge about the 2022 models.

is not convinced that Plaintiff's reliance on marketing materials from 2020 to purchase a 2022 Bolt satisfies the "justifiable reliance" element, particularly when the Complaint concedes that in 2021—before Plaintiff purchased the Vehicle—Defendant issued the recall notice. In addition to this problem, because Plaintiff has failed to include any detail regarding the press releases or advertisements that allegedly included the misrepresentations, Plaintiff's reliance on the advertisements is insufficiently pled. *See Gutierrez v. Bausch Health US, LLC*, 2024 WL 1854288, at *1 (9th Cir. Apr. 29, 2024) (citations omitted) (while a plaintiff does not have to plead reliance on a particular advertisement in a long-term advertising campaign with an "unrealistic degree of specificity," they must plead facts specific enough to establish reliance); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (affirming dismissal of a fraud claim where the plaintiff failed to specify which advertising and sales materials he relied upon in making his decision to purchase a vehicle and what the advertising and sales materials specifically stated).

      Plaintiff also alleges "General Motors dealership personnel at the time of sale ... assured Plaintiff that the vehicle [had] [sic] long-range [capability] and was safe." (*Compl*. ¶ 82.) Because this alleged misrepresentation is not part of an advertising campaign, the Complaint must satisfy Rule 9(b)'s particularity requirement by specifically identifying "who" made this representation, in addition to "where" and "how" the representation was made. The Complaint fails to do so and thus fails to sufficiently plead reliance.

      Finally, regarding Defendant's employee, Adam Piper's, alleged representations in October 2019 about the safety and mileage capacity of the Bolts, this allegation is insufficient to establish reasonable reliance for two reasons. First, this statement was made two years before the 2021 recall and almost three years before Plaintiff purchased the Vehicle. Any reliance on the statement would not be justifiable. Second, Plaintiff does not allege he actually heard and relied on the statements. Thus, the Complaint fails to plead reasonable reliance.

For all these reasons, the affirmative misrepresentation claim fails to meet Rule 9(b)'s particularity requirement.

### 2. **Fraudulent Concealment Claim (Fourth Cause of Action)**

Defendant argues the fraudulent concealment claim should be dismissed because there was no direct economic relationship between Plaintiff and Defendant and, therefore, Defendant did not have a duty to disclose the alleged battery "defects" to Plaintiff. (*P&A* 20:7–22:7.) Defendant also argues the Complaint fails to state a fraudulent concealment claim because Plaintiff failed to allege Defendant had knowledge of the defects at or before he purchased the Vehicle. (*Id.* 16:5–17:18.)

"As with all fraud claims, the necessary elements of a concealment/suppression claim consist of '(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage.'" *Dhital v. Nissan North America, Inc.*, 84 Cal.App.5th 828, 843 (2022) (citation omitted). "Suppression of a material fact is actionable when there is a duty of disclosure, which may arise from a relationship between the parties, such as a buyer-seller relationship." *Id.* (citation omitted). "[The California Supreme Court] has described the necessary relationship giving rise to a duty to disclose as a 'transaction' between plaintiff and defendant." *Bigler-Engler v. Breg, Inc.*, 7 Cal.App.5th 276, 311 (2017) (citations omitted). Concealment claims, however, are not required to be pled with the same level of specificity as affirmative misrepresentation claims. *Baggett*, 582 F.Supp.2d 1267–68.

Here, the Complaint alleges Plaintiff purchased the "vehicle directly from an authorized dealer and agent of GENERAL MOTORS" and "GENERAL MOTORS issued an express warranty" for the Vehicle. (*Compl.* ¶ 6.) Plaintiff argues this allegation is sufficient to establish a transactional relationship between him and Defendant. (*Opp'n* 9:24–10:2.) While the agency allegations alone would be insufficient to establish a duty, the Court agrees that the allegation that Defendant provided an express warranty is

sufficient to establish a transactional relationship at the pleading stage. *See Dhital*, 84 Cal.App.5th at 844 (holding plaintiffs' allegations that they "bought the car from a Nissan dealership, that Nissan backed the car with an express warranty, and that Nissan's authorized dealerships are its agents for purposes of the sale of Nissan vehicles to consumers" are sufficient to establish a buyer-seller relationship).

However, as discussed above, there are no facts alleged from which an inference may be drawn that Defendant was aware that the 2022 Bolts had the same defects as the previous years' models. Because there is no indication Defendant had knowledge of the defects in the 2022 Bolt, it is not reasonable to infer that Defendant intentionally concealed or suppressed the defects. For this reason, the concealment claim is insufficiently pled.

### 3. UCL Claims (Fifth Cause of Action)

Defendant argues that Plaintiff's UCL claim should be dismissed because, among other reasons, he failed to plead facts supporting the affirmative misrepresentation and concealment causes of action.

Plaintiff failed to provide any opposition to Defendant's motion to dismiss the UCL cause of action. The Court construes Plaintiff's failure to address the argument as a concession regarding the merits of Defendant's arguments. Additionally, because the Complaint fails to plead an affirmative misrepresentation or concealment claim, the Court will grant the motion to dismiss the UCL cause of action.

### 4. Leave to Amend

Plaintiff requests leave to amend the Complaint. (*Opp'n* 7:24.) Federal Rule of Civil Procedure 15(a)(2) states that courts "should freely give leave [to amend] when justice so requires." Furthermore, Ninth Circuit has stated that leave to amend "should be granted with 'extreme liberty'" and only be denied when "it is clear ... that the complaint

could not be saved by any amendment." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009).

Although Plaintiff's opposition does not identify any facts indicating that he can amend the Complaint to allege fraud or UCL cause of action, it is not yet clear that leave to amend would be futile. Accordingly, the Court will grant Plaintiff leave to amend the Complaint.

## V.   CONCLUSION & ORDER

For the reasons stated above, the Court **GRANTS** Defendant's request for judicial notice [Doc. 3-1] and the motion to dismiss [Doc. 3] the Fourth and Fifth Causes of Action **WITH LEAVE TO AMEND**. To the extent Plaintiff intends to file a First Amended Complaint, it shall be filed on or before **August 16, 2024**.

IT IS SO ORDERED.

Dated:  August 8, 2024

Hon. Thomas J. Whelan
United States District Judge